## Case No. 6,841.

### In re HUGHES.

[2 Ben. 85; 1 N. B. R. 226 (Quarto, 9); 1 Am. Law T. Rep. Bankr. 45.] [1]

District Court, S. D. New York. Jan. 8, 1868.

BANKRUPTCY—REGISTER'S CERTIFICATE — ASSIGNEE'S RETURN—EXPENSES OF BANKRUPT'S EXAMINATION.

1. If a creditor opposes a bankrupt's discharge, the register must make a certificate of his proceedings, and return the papers into court.

[Cited in Re Pulver, Case No. 11,467.]

2. An assignee must make his return, form No. 35, when requested by the bankrupt, when he has not received or paid any money for the estate, even though he has reason to expect that he shall thereafter receive money on that account.

[Cited in Re Van Riper, Case No. 16,874.]

3. Where an assignee examines a bankrupt, under the twenty-sixth section of the bankruptcy act [of 1867 (14 Stat. 529)], the assignee

---

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 45, contains only a partial report.]

must pay the register's fees, whether he has assets of the bankrupt or not.

4. If the examination is for the benefit of creditors, the expenses of it must be advanced or secured, under the twenty-eighth section of the act, by the creditors.

5. If the examination is one of the steps preliminary to the bankrupt's discharge the expenses must be advanced or secured by the bankrupt.

6. These expenses do not include any compensation to the assignee. Provision may be made for securing such compensation to him.

[In bankruptcy. In the matter of William H. Hughes.]

[2] [I, Isaiah T. Williams, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose, pertinent to said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Francis C. Nye, who appeared for the bankrupt, and Mr. A. M. Bigelow, who appeared as assignee of the said bankrupt. The petition in this case was filed on the 19th day of July, 1867. The schedules set forth no assets. On the 13th of August, Mr. A. M. Bigelow was chosen assignee. On the 23d of November the bankrupt petitioned for his discharge. The order to show cause was made returnable December 23d, on which day the meetings were held pursuant to said order; and two creditors who have proved their debts appeared in opposition to the bankrupt's discharge, whereupon the bankrupt applied for the usual certificate of conformity, insisting that the case must then go before the court to hear the opposing creditors upon the question of a final discharge. This certificate the register was then unable to make for want of the return of the assignee. Application was thereupon made to the assignee for his certificate, that no assets had come to his hands. This the assignee felt unable to give, alleging that he had some reason to believe that a claim for a considerable amount was due from a party to the bankrupt, which had not been put into the schedule. He thereupon, on the 23d day of December, obtained an order for the examination of the bankrupt before the register. On the 27th, the examination was proceeded with before the register and adjourned to the 30th of December; and when it was again about to be proceeded with, the question arose as to which of the parties, the assignee or bankrupt, was liable for the fees of the register, as well as the compensation to the assignee, for his services in procuring said examination, whereupon it was agreed that the question might be certified up to the court, and in the mean time the examination should continue to its close, whereupon it was so proceeded with to its close. Thereupon the bankrupt demanded of the assignee his certificate (form

[2] [From 1 N. B. R. 226 (Quarto, 9).]

35) which the assignee refused to give, insisting that the claim aforesaid is assets in his hands, which he is bound further to investigate and perhaps prosecute to collection. These facts seem to raise three questions, as follows: First. Where creditors appear at the last meeting, and oppose the bankrupt's discharge, shall the register make the certificate in the usual form, save that instead of saying that there was no opposition, say A. B. &c., appeared and opposed the discharge, and thereupon return the papers before him in the case to the court in all respects as if there were no opposition? This would perhaps be the most convenient practice. The court can then under another order, if it see fit, refer the case back to the register, to take proof upon the allegations of the opposing creditors or otherwise, as might under the circumstances be proper. Second. Must the assignee make his return, as per form 35, in a case where in fact no assets have come to his hand, even though he have reason to believe that upon some claim in favor of the bankrupt he may thereafter obtain assets? All that form 35 requires the assignee to certify, is that he has neither received, nor paid, any money on account of the estate. It is a principle of law applicable alike to judicial and ministerial officers, that where by law they may do a thing, they must, if so required, do it. A judge has no more right to refuse to render a judgment, grant an order, or issue a process when a case is made from such judgment, order, or process, than a sheriff has to refuse to execute a process when delivered to him for that purpose. The functions of the assignee partake somewhat of the judicial and ministerial, and it cannot be pretended that he has any "caprice," by which, under the much abused word "discretion," he may refuse to give to the bankrupt at all times, when so required, his strict legal rights. The certificate in question in the present case would be strictly true in point of fact. The only question is, would it be true to the tenor and spirit of the act? I think it would. The bankrupt, under certain circumstances, may apply for his discharge in sixty days after he is declared a bankrupt. He must apply for his discharge within a year, or not at all. In the present case it would not be possible for the assignee to test the claim he refers to, in the courts of this city in a year. Besides, the assignee's office does not expire until all his duties are done. He is amenable to the order of the court at all times while he has assets in his hands, which may, and probably in many cases would be, for years. I cannot think he has a right to delay the bankrupt's discharge. But on the other hand he must at all times, when requested, make such certificate as the act requires and the facts permit of. Third. In case the assignee shall examine the bankrupt before the register, and finds no assets, and no

assets come into his hands in the case, is the bankrupt bound to pay the fees of the register, and compensate the assignee for such examination? I find nothing in the act or general orders that would compel him to do so. He is not the actor in such a proceeding, but is acted against. The act contemplates that the party applying for a service shall pay for it. Suppose the register were to refuse to go on with such an examination (as he may) until he is secured or paid his fees, and the bankrupt were to refuse so to pay the same, would the court feel at liberty to stay his proceedings in the case until he should comply with the demand of the assignee? Assignees chosen by the creditors (as almost all at present are) are universally, if not hostile to the bankrupt, at least in sympathy with, if not attorneys for some of the principal creditors, whose interests almost require them, if they cannot defeat, at least to delay the bankrupt's discharge. If the bankrupt is liable at one time to pay such expenses, he must be at another. The assignee's functions remain, perhaps for years after the bankrupt is discharged. May he always call up the bankrupt or other witnesses, and examine them touching some rumor of property fallen to the bankrupt, as heir or otherwise, to which, as assignee, he may be entitled, and if he fail in his search to obtain anything, can he call upon the bankrupt to reimburse him? Can he in advance in such a case compel the bankrupt to secure the register his fees? I cannot avoid the conclusion that if the assignee sees fit to take such proceedings, he must look to the creditors, for whom, and in whose interests he really acts, to reimburse him for his expenses as well as pay him for his services.][3]

BLATCHFORD, District Judge. In answer to the three questions certified in this case, the court replies: 1st. Where, on the return of an order to show cause before a register why a bankrupt should not be discharged, a creditor appears and opposes the discharge, the register must make a certificate of his proceedings, stating the opposition, and return the papers into court in like manner as if there were no opposition.

2d. An assignee must make his return, when requested by the bankrupt, under form No. 35, when he has in fact not received or paid any moneys on account of the estate, even though he may have reason to believe that he will thereafter receive moneys on account of the estate, as the proceeds of assets thereof.

3d. Under the provisions of section four of the act, and of general order No. 29, where an assignee examines a bankrupt before a register, under section twenty-six of the act, the assignee must pay the fees of the register for such examination, whether he has any assets of the estate or not. If there are assets, the court can, under general order No. 29, reimburse the assignee out of the assets. The bankrupt is not, under such circumstances, bound to pay the fees of the register. By the provisions of section twenty-eight, the assignee, if not in funds from the estate at any time, to a sufficient extent to defray the necessary expenses which will be required for the further execution of his trust, may require that the funds for that purpose shall be advanced or satisfactorily secured to him before he proceeds further. These funds must be advanced or secured by the party for whose benefit the expenses are to be incurred. If they are to be incurred in an examination of the bankrupt, under section twenty-six, with a view to discover assets for the benefit of his creditors, they must be advanced or secured by the creditors. If they are to be incurred in a proceeding by the assignee which is a part of the proper steps preliminary to the discharge of the bankrupt, they must be advanced or secured by the bankrupt. The "expenses," thus provided for by section twenty-eight, do not cover any allowance to the assignee for his services. Section twenty-eight does not provide for any allowance for such services, except by way of a percentage upon moneys received and paid out by the assignee as assets of the estate. But, by section seventeen, the assignee is to be allowed a reasonable compensation for his services, in the discretion of the court; and, if there is any money in his hands, this compensation and all the necessary disbursements made by him in the discharge of his duty, may be retained by him out of such money. This allowance cannot be made until after the services are rendered, because, until the court is advised what the services have been, it cannot determine whether any particular amount of compensation for the services is or is not reasonable, unless perhaps it might, for specific acts, mainly of routine, prescribe specific fees. If there is no money in the hands of the assignee, the payment of the compensation referred to in section seventeen, if it is a compensation for services in steps properly preliminary to the discharge of the bankrupt, can, when the compensation has been allowed, be secured by a withholding by the court of the discharge of the bankrupt, until he makes the payment, on the ground that until then he has not in all things conformed to his duty under the act; and, if it is a compensation for services for which the bankrupt ought not to pay, its payment to the assignee can probably be secured by appropriate means. Compensation to the assignee for his services in an examination of the bankrupt, under section twenty-six, with a view to discover assets for the benefit of his creditors, is not to be paid by the bankrupt.

---

[3] [From 1 N. B. R. 226 (Quarto, 9).]